**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TIMOTHY MCINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:09-cv-00581-RCJ-VPC |
| vs. | ) | |
| | ) | |
| HOWARD SKOLNIK et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of Plaintiff's employment termination, allegedly in retaliation for protected speech he made to an officer who responded to Plaintiff's report of a crime. The Court has granted summary judgment to that officer on the basis of qualified immunity, because it was not clear the speech allegedly retaliated against was on a matter of public concern. (*See* Order, Apr. 1, 2011, ECF No.53). The three remaining supervisory Defendants have now filed their own Motion for Summary Judgment (ECF No. 52). Dispositive motions were due on March 4, but Defendants filed the present motion on March 11. The Court will grant the motion to extend time and grant the motion.

**I.       FACTS AND PROCEDURAL HISTORY**

On July 17, 2009, Plaintiff Timothy McIntyre was assaulted outside his residence. (Am. Compl. ¶ 7). Defendant Deputy Robert Stout of the Lyon County Sheriff's Office ("LCSO") responded to the scene, but Plaintiff believed Stout did not take the incident seriously and

showed favoritism to the perpetrator. (*Id.* ¶ 8). Plaintiff criticized Stout's handling of the situation (*Id.*). On July 18, 2009, Stout contacted an unidentified person at the Nevada Department of Corrections ("NDOC"), where Plaintiff worked, and reported that Plaintiff had been uncooperative, belligerent, and had falsified his statement. (*Id.* ¶ 7). Plaintiff was fired due to Stout's report. (*Id.* ¶ 10).

The Amended Complaint ("AC") names Stout, Howard Skolnik, Mary Carter, and Gregory Smith as Defendants on three claims under 42 U.S.C. § 1983: (1) First Amendment retaliation (Carter, Skolnik, and Smith); (2) First Amendment retaliation (Stout); and (3) Procedural Due Process violations (Carter, Skolnik, and Smith). The Court granted summary judgment to Stout because there was no evidence adduced that Stout intended to chill Plaintiff's speech, that Plaintiff's speech was actually chilled,[1] or that a person of ordinary firmness would have had his speech chilled by Stout's actions. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 14 F.3d 457, 464 (9th Cir. 1994). The Court also found that the speech was not on a matter of public concern and that Stout was entitled to qualified immunity. (*See* Order 6, Apr. 1, 2011, ECF No. 53). Carter, Skolnik, and Smith have now moved for summary judgment.

## II.  SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary

---

[1] It is undisputed that Plaintiff's speech was not in fact chilled, but that he complained to Stout's superiors about Stout's actions.

judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and

determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

Plaintiff alleges the remaining Defendants are employed by NDOC at some level of management, (*see* Am. Compl. ¶ 3), and that "Carter, Smith, and/or Skolnik placed Plaintiff on administrative leave and terminated or caused the termination of Plaintiff's employment" because of Stout's report, (*see id.* ¶ 9).  Plaintiff was terminated as a probationary employee but argues he was not probationary because an unidentified person once told him that he was not a probationary employee, and because he had only resigned in June 2009 for a single day before rescinding his resignation as permitted under "State law," which he does not further specify. (*See id.* ¶¶ 6, 10–11).[2]  Plaintiff believes his termination was retaliation for the complaint he made to Lyon County about Stout and for his having previously temporarily resigned from NDOC in June 2009. (*See id.* ¶¶ 6, 10).

Plaintiff does not allege in the AC, or in opposition to the present motion, which Defendants made the decision to fire him.  But even assuming all three of the remaining Defendants were involved directly in Plaintiff's termination, Defendants are entitled to summary judgment because dispositive issues are precluded from relitigation.  Defendants adduce the Findings of Fact, Conclusions of Law and Decision (the "Appeal Order") entered against Plaintiff by Administrative Hearing Officer Bill Kockenmeister. (*See* Appeal Order, July 6,

---

[2]Plaintiff likely means Nev. Rev. Stat. § 284.381 (1981), which states "Once a[ public] employee's written resignation is accepted by the employee's appointing authority, the employee may not revoke the resignation, regardless of the effective date set forth in it, if 3 or more working days have elapsed since its acceptance, unless the appointing authority approves the revocation."

2010, ECF No. 52-1, at 2).  After examining the same evidence currently before this Court and noting that Plaintiff had filed a lawsuit in Lyon County asserting the same claims,[3] Kockenmesiter found that Plaintiff was a probationary employee, that he had been terminated in significant part due to the incident with Stout, and that he had not been terminated for exercising his right to free speech on any matter of public concern, but for unbecoming conduct and neglect of duty by wrongfully displaying his badge at the scene with Stout and refusing to cooperate by filing a written statement. (*See id.* 10).  Kockenmeister therefore dismissed Plaintiff's termination appeal. (*See id.* 11).

Since filing the present lawsuit, Plaintiff has petitioned for judicial review of the Appeal Order in state court in Carson City. (*See* Petition, Jan. 3, 2011, ECF No. 52-2, at 2).  The Court finds that the parallel proceedings do not preclude the § 1983 claims directly in this case, but they preclude certain issues and therefore make the § 1983 claims unviable.  An administrative order or decision containing findings of fact and conclusions of law is a final decision that may be judicially reviewed under Nevada's Administrative Procedure Act. *Dickinson v. Am. Med. Response*, 186 P.3d 878, 884 (Nev. 2008) (citing Nev. Rev. Stat. § 233B.125).  The findings of fact in the Appeal Order, although they may be overcome in the pending state court appeal of that order, currently preclude relitigation of the issues of whether Plaintiff was a probationary employee or whether he was terminated because of protected speech.  Because Plaintiff is collaterally estopped from relitigating these issues (issue preclusion), Defendants are entitled to summary judgment as a factual matter on the First Amendment and Procedural Due Process claims that necessarily depend on the precluded issues, even though the § 1983 claims themselves are not res judicata as a matter of law (claim preclusion).  The Court will therefore grant the motion for summary judgment.

---

[3]Such a lawsuit may preclude the § 1983 claims directly, but Defendants adduce no evidence of the suit.

If Plaintiff were to prevail in his state court appeal on the relevant issues, he could then move for relief from judgment under Rule 60(b)(5) and reopen the present case. However, it is unlikely he could prevail on the merits. In order to find a police officer liable for a First Amendment retaliation claim, a plaintiff must show that the officer "by his actions . . . deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the officer's] conduct . . . ." *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994) (citing *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 14 F.3d 457, 464 (9th Cir. 1994)). "The defendant's intent *is* an element of the claim." *Mendocino*, 14 F.3d at 464.

The complaint about Stout's behavior that Plaintiff made to the LCSO is irrelevant to the retaliation claim, because it is not disputed that Plaintiff made this complaint after Stout had already reported the incident to Plaintiff's employer. There is no evidence Plaintiff engaged in anything resembling political speech before Stout reported the incident to plaintiff's employer. Before Stout reported the incident, the only speech Plaintiff had engaged in was: (1) his private complaint to Stout himself that he wasn't taking Plaintiff's criminal complaint seriously; and (2) his swiping his written statement away from Stout in a symbolic expression of his disgust with Stout's handling of his criminal complaint.

First, Stout testified at his deposition that Plaintiff had made a false report to the police. Such speech is not protected by the First Amendment, and Stout was free to report it without fear of liability for "chilling" it. Second, the forcible taking from an officer of a form upon which one has made a statement is not protected speech. In fact, such an act could potentially constitute disorderly conduct, obstruction of justice/investigation, or even a common-law battery supporting nominal damages. Plaintiff does not deny swiping away the report in his declaration, but only asserts that he was not belligerent and did not lie. Third, there is no evidence Stout reported the incident based on Plaintiff's political opinions, but only based on his actions. Fourth, Plaintiff produces no evidence supporting the intent element of the claim. The only

1  evidence available on this point is Stout's deposition testimony that he did not in fact intend that
2  Plaintiff even get "written up," much less terminated, but only that he wanted to bring Plaintiff's
3  behavior to the attention of NDOC because he thought it deserved a verbal reprimand.  There is
4  no evidence supporting an inference that Stout reported the incident in order to chill a possible
5  complaint to the LCSO about Stout's handling of the investigation, and in fact Plaintiff made
6  precisely such a complaint.  There is therefore no question of fact that no actual chilling of
7  speech occurred.  If no chilling occurred, or if a person of "ordinary firmness" would not have
8  been silenced from future speech, there is no retaliation claim. *Mendocino*, 192 F.3d at 1300.  A
9  person of ordinary firmness would not likely have been prevented from complaining about the
10 conduct of investigations in the future based on Stout's reporting Plaintiff's behavior at the scene
11 to Plaintiff's employer.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Supplement (ECF No. 49), the Motion to Extend Time (ECF No. 50), and the Motion for Summary Judgment (ECF No. 52) are GRANTED.

IT IS SO ORDERED.

Dated: 09-08-2011.

_____
ROBERT C. JONES
United States District Judge